UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| RICHARD ROSS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:23-CV-15-TAV-DCP |
| | ) | |
| MICHAEL PARRISH, | ) | |
| TENNESSEE DEPARTMENT | ) | |
| OF CORRECTION, | ) | |
| MORGAN COUNTY | ) | |
| CORRECTIONAL COMPLEX, | ) | |
| STEVE JONES, | ) | |
| STACY OAKS, | ) | |
| JONATHAN CORBIN, | ) | |
| JORDAN HENRY, | ) | |
| BRANDON PALMER, | ) | |
| LISA HELTON, | ) | |
| BRANDON FOSTER, and | ) | |
| JOHN BRANSTETTER, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff, a state prisoner, has filed a pro se complaint for violation of 42 U.S.C. § 1983 in which he seeks to bring a number of claims against different Defendants [Doc. 7]. Prior to filing his complaint, Plaintiff also filed (1) a motion requesting that the Court stay this action to allow him time to complete the grievance procedure under Tenn. Code Ann. § 41-21-806(c) [Doc. 1, p. 1]; (2) a motion indicating his intent to file a complaint under 42 U.S.C. § 1983 and requesting additional time to do so [*Id.* at 2[1]]; (3) two motions for

---

[1] While the Clerk docketed Plaintiff's first two motions together as a complaint [Doc. 1], the Court does not interpret these motions as a complaint.

leave to proceed *in forma pauperis* [Docs. 4, 5]; and (4) a motion to appoint counsel [Doc. 6]. Additionally, with his complaint, Plaintiff filed a proposed order regarding a preliminary injunction and/or a temporary restraining order ("TRO") [Doc. 8].

For the reasons set forth below, Plaintiff's first motion for leave to proceed *in forma pauperis* [Doc. 4] will be **GRANTED**, and his remaining motions [Docs. 1, 5, 6, 8] will be **DENIED**. Also, Plaintiff will have fifteen (15) days from the date of entry of this Order to file an amended complaint.

**I.    FILING FEE**

It appears from Plaintiff's first motion for leave to proceed *in forma pauperis* [Doc. 4] that he cannot pay the filing fee. Accordingly, this motion [*Id.*] is **GRANTED**, and Plaintiff's second motion for leave to proceed *in forma pauperis* [Doc. 5] is **DENIED as moot**.

Plaintiff is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2). To ensure compliance with this fee-collection procedure, the Clerk is **DIRECTED** to provide a copy of this memorandum and order to both the Clerk's financial deputy and the custodian of inmate accounts at the institution

where Plaintiff is now confined. This Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. MOTIONS FOR EXTENSION

In his first motion for an extension, Plaintiff requests that the Court stay this action for ninety days to permit him to complete the grievance procedure based on Tenn. Code Ann. § 41-21-806 [Doc. 1 p. 1]. In his second motion regarding an extension, Plaintiff requests that the Court provide him sixty days to file a complaint due to prison officials' failure to timely respond to his grievance [*Id.* at 2]. In both motions, Plaintiff generally references various claims and constitutional amendments, including the Eighth Amendment, breach of security, failure to protect, cruel and unusual punishment, due process, the First Amendment, and freedom of speech [*Id.* at 1–2].

But while Plaintiff's first motion for extension requesting a stay of this action to allow him to complete the grievance procedure relies on Tenn. Code Ann. § 41-21-806, this statute does not apply in this action. Rather, the Prison Litigation Reform Act ("PLRA") applies in this action. *See* 42 U.S.C. § 1997e(a). And the PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Id.* The PLRA therefore requires prisoners to complete "the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). Accordingly,

3

Plaintiff's request for a stay of this action to allow him to complete the grievance procedure pursuant to Tenn. Code Ann. § 41-21-806 [*Id.* at 1] is **DENIED**.

Also, in his second motion for extension, Plaintiff claims that prison officials have violated a Tennessee Department of Correction ("TDOC") grievance procedure by failing to timely respond to a grievance he filed and therefore requests that the Court extend the time for him to file his complaint [*Id.* at 2]. The Court takes judicial notice that the TDOC grievance procedure upon which Plaintiff relies for this request provides "a seven working-day time limit" for prison officials to issue a Level I response to a grievance, and this period begins on the day the grievant submits the grievance. *See* https://www.tn.gov/content/dam/tn/correction/documents/501-01.pdf (last visited March 10, 2023), TDOC Policy 501.01 VI. C. 1.[2] However, the Court also notes that this same grievance policy also provides that "[i]f a time limit expires at any stage of the process without the required response, the grievant may move the grievance to the next stage of the process." *Id.* at TDOC Policy 501.01 VI. D.[3] Thus, it appears from Plaintiff's motion and the TDOC grievance policy upon which Plaintiff relies that Plaintiff could have moved his grievance to the next stage of the process without waiting for a response to his grievance. As such, Plaintiff's request for an extension of time to file his complaint due to prison

---

[2] This grievance procedure further provides that the grievant may initiate a second level review by appealing the Level I response "[w]ithin five calendar days of being notified of the Level I response." *Id.* at TDOC Policy 501.01 VI. C. 2. It also specifies that, for a third level of review, the "grievant may appeal the Level II response within give calendar days of receipt of that response." *Id.* at TDOC Policy 501.01 VI. C. 3.

[3] While prison officials may extend this time limit under certain circumstances, *Id.* at TDOC Policy 501.01 VI. D, Plaintiff does not allege that any of those circumstances apply here but instead asserts that prison officials have not timely responded to his grievance [*Id.* at 2].

4

Case 3:23-cv-00015-TAV-DCP   Document 10   Filed 03/13/23   Page 4 of 12   PageID #: 83

officials' apparent failure to timely respond to his grievance [*Id.*] is without merit[4] and **DENIED**.

## III. MOTION TO APPOINT COUNSEL

Plaintiff has filed a motion seeking appointment of counsel based on his assertion that his "financial circumstances will not allow the hiring of a private attorney in this case" [Doc. 6 p. 1]. In this motion, Plaintiff also specifically "moves the Court to waive any fee" [*Id.*]. The Court will address these requests in turn.

First, as to Plaintiff's request that the Court appoint him counsel, appointment of counsel in a civil proceeding is not a constitutional right, but a privilege justified only in exceptional circumstances. *Lavado v. Keohane*, 992 F. 2d 601, 605–06 (6th Cir. 1993). A district court has discretion to determine whether to appoint counsel for an indigent plaintiff. *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992). In exercising that discretion, the district court should consider the nature of the case, whether the issues are legally or factually complex, and the plaintiff's ability to present his claims. *Lavado*, 992 F.2d at 605–06.

As to the first two factors, as set forth above, this is a complaint for violation of § 1983 arising out of incidents during Plaintiff's confinement. All of Plaintiff's claims are routine prisoner civil rights claims, and none of them is factually or legally complex. As

---

[4] Notably, Plaintiff's filings and the applicable TDOC grievance procedures arguably suggest that Plaintiff failed to exhaust his available administrative remedies for at least some of his claims prior to filing this action. But as Plaintiff generally asserts in his complaint that Defendant Foster did not allow him to exhaust his administrative remedies [*Id.* at 5], and the Court will allow Plaintiff to amend his complaint, the Court will not dismiss this action on this ground at this time.

5

to the third factor, it is apparent from his filings that Plaintiff can adequately present his claims. Thus, Plaintiff has not established that this is an extraordinary case in which he is entitled to appointment of counsel.

And to the extent Plaintiff also requests that the Court waive the filing fee for this action, "[a]ll prisoners while incarcerated must now pay the required filing fee and costs. When an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan." *In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131 (6th Cir. 1997); *see also* 28 U.S.C. § 1915(b)(1) ("Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full filing fee."). Thus, this Court cannot waive Plaintiff's filing fee.

Accordingly, Plaintiff's motion to appoint counsel [*Id.*] is **DENIED.**

## IV. COMPLAINT

### A. Screening Standard

Under the PLRA, district courts must screen prisoner complaints and shall, at any time, dismiss claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard that the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the

language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial PLRA review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a claim upon which relief may be granted. *Twombly*, 550 U.S. at 570. But courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### B. Analysis

In his complaint, Plaintiff brings various claims arising out of his confinement, some of which are unrelated and against different Defendants. Specifically, Plaintiff seeks relief for the following claims:

(1) Defendant Corbin left him and other inmates out for recreation for three hours [Doc. 7 p. 3, 5];

(2) Defendants Henry and Palmer failed to protect him from another inmate who attacked all three of them [*Id.* at 3, 5];

(3) Defendant Foster violated his due process rights by not allowing him to exhaust his administrative remedies [*Id.* at 5];

(4) Defendants Parish, Jones, Oakes, and Helton failed to properly train officers, failed to protect him, violated his constitutional rights with regard to his custody level, and denied him pretrial jail credits [*Id.* at 4–6];

7

(5) Defendant Branstetter attacked him by slamming his arm in the "pie flap" [*Id.* at 4]; and

(6) Unspecified prison officials have placed him in long periods of isolation during his confinement [*Id.*].

But Plaintiff's unrelated claims against different Defendants are not properly joined in this action under Rule 20(a)(2). Specifically, while a plaintiff may join as many claims as he has against an opposing party under Rule 18(a) of the Federal Rules of Civil Procedure, Rule 20(a)(2) allows a plaintiff to sue multiple defendants only where "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Thus, Rule 20 does not permit plaintiffs to join unrelated claims against different defendants in one lawsuit. *See*, *e.g.*, *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("A buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner."); *Smith v. Lavender*, No. 2:22-CV-1875, 2022 WL 4121929, at *6 (S.D. Ohio, Sept. 9, 2022) (severing unrelated claims a prisoner plaintiff filed in the same complaint against different defendants) (citations omitted); *White v. Newcomb*, 2022 WL 2763305, at *4–5 (W.D. Mich. July 15, 2022) (providing that a plaintiff cannot join claims against multiple defendants in one

8

lawsuit "'unless one claim against each additional defendant is transactionally related to the claim against the first defendant and involves a common question of law or fact'" (quoting *Proctor v Applegate*, 661 F. Supp. 2d 743, 778 (E.D. Mich. 2009) and collecting cases standing for the proposition that prisoners cannot join unrelated claims against different defendants in a single lawsuit)).

Accordingly, the Court will allow Plaintiff fifteen (15) days from the date of entry of this order to file an amended complaint with a short and plain statement of facts setting forth each alleged violation of his constitutional rights and the individual(s) responsible.[5] *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). Also, Plaintiff is **NOTIFIED** that if he includes claims that are not properly joined under Rule 20(a)(2) and Rule 18(a) in the amended complaint he files, the Court will presume that Plaintiff intends to proceed as to his first listed claim and those claims that are properly joined with that first claim, and the Court will summarily **DISMISS** any misjoined claims without prejudice.

V.  **PRELIMINARY INJUNCTION/TEMPORARY RESTRAINING ORDER**

Additionally, with his complaint, Plaintiff filed a document entitled an "order to show cause for a preliminary injunction [and] a temporary restraining [order]" with regard to his claims against Defendants Helton, Parish, Jones, and Oakes [Doc. 8]. The Court

---

[5] Plaintiff is **NOTIFIED** that the Court may only address the merits of claims that relate back to his original complaint under Rule 15 of the Federal Rules of Civil Procedure. Accordingly, Plaintiff **SHALL NOT** attempt to set forth any claims in this amended complaint which were not set forth in his original complaint or do not otherwise relate back under Rule 15, as any such claims may be **DISMISSED**.

9

liberally construes this filing as a motion for a TRO, as Plaintiff filed the motion prior to service of process on any Defendant. Fed. R. Civ. P. 65(a), (b).[6]

In determining whether to grant a request for preliminary injunctive relief, courts balance four factors: (1) whether plaintiff "has shown a strong likelihood of success on the merits"; (2) whether plaintiff will suffer irreparable injury in the absence of an injunction; (3) whether the injunction will cause substantial harm to others; and (4) whether the injunction would serve the public interest. *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citations omitted). Injunctive relief is "an extraordinary remedy never awarded as of right." *See Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). Such relief "should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet*, 305 F.3d at 573 (citations omitted).

First, the record does not suggest that Plaintiff has a strong likelihood of success on the merits in this action as to the claims for which he seeks a TRO. Instead, Plaintiff's ability to prove that Defendants Helton, Parish, Jones, and/or Oakes has violated his constitutional rights is merely speculative. As to the second factor, Plaintiff has not established that he will suffer any irreparable injury without the requested TRO. As to the third factor, nothing in the record suggests that providing Plaintiff the requested TRO

---

[6] While a preliminary injunction requires notice to the adverse party, the purpose of a TRO is to preserve the status quo until an adversarial hearing may be held for a preliminary injunction. Fed. R. Civ. P. 65(b)(3); *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 438–39 (1974). However, the factors to be considered in determining whether a TRO or preliminary injunction should issue are the same. *See, e.g., Workman v. Bredesen*, 486 F.3d 896, 904–05 (6th Cir. 2007).

10

would cause substantial harm to others. As to the fourth factor, district court intervention in prison operations without a compelling reason is against public policy. *Glover v. Johnson*, 855 F.2d 277, 285–87 (6th Cir. 1988) (setting forth public policy concerns regarding court interference with jail administration and instructing that courts should not "attempt to administer any portion of a state correctional system program except in the most compelling situations"). Plaintiff has not set forth a compelling reason for the Court to grant him the requested TRO.

Accordingly, Plaintiff's motion for a TRO [Doc. 8] is **DENIED**.

## VI. CONCLUSION

For the reasons set forth above:

1. Plaintiff's first motion for leave to proceed *in forma pauperis* [Doc. 4] is **GRANTED**, and Plaintiff's second motion for leave to proceed *in forma pauperis* [Doc. 5] is **DENIED as moot**;

2. Plaintiff's motions relating to extensions [Doc. 1] are **DENIED**;

3. Plaintiff's motion to appoint counsel [Doc. 6] is **DENIED**;

4. The Clerk is **DIRECTED** to send Plaintiff a form § 1983 complaint;

5. Plaintiff has fifteen (15) days from the date of entry of this order to file an amended complaint in the manner set forth above;

6. Plaintiff is **NOTIFIED** that any amended complaint he files will completely replace his previous complaint [Doc. 7];

7. Plaintiff's motion for a TRO [Doc. 8] is **DENIED**;

8. Also, Plaintiff is **NOTIFIED** that if he fails to timely comply with this order, this action will be dismissed for failure to prosecute and failure to follow the orders of this Court; and

9. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address will result in the dismissal of this action.

**ENTER:**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE