UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| RICHARD ROSS,<br><br>   Plaintiff,<br><br>v.<br><br>MICHAEL PARRISH,<br>TENNESSEE DEPARTMENT<br>OF CORRECTION,<br>MORGAN COUNTY<br>CORRECTIONAL COMPLEX,<br>STEVE JONES,<br>STACY OAKS,<br>JORDAN HENRY,<br>BRANDON PALMER, and<br>LISA HELTON,<br><br>   Defendants. | No.: 3:23-CV-15-TAV-DCP |

## **MEMORANDUM OPINION**

Plaintiff, a prisoner of the Tennessee Department of Correction ("TDOC"), has filed an amended pro se complaint for violation of 42 U.S.C. § 1983 [Doc. 11[1]], which is now before the Court for screening. For the reasons set forth below, this action will be **DISMISSED**, as Plaintiff's amended complaint [*Id.*] fails to state a claim upon which relief may be granted under § 1983.

---

[1] Plaintiff labeled this filing both a "Motion to Alter or Amend the Judgment under Federal Rule[] of Civil Procedure 59(e)" and a § 1983 complaint [*Id.* at 1]. However, the substance of the pleading makes it clear that it is Plaintiff's amended complaint, which he filed in response to the Court's previous order [Doc. 10]. Accordingly, the Clerk correctly docketed this filing as an amended complaint rather than a motion.

## I. SCREENING STANDARD

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a claim upon which relief may be granted. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## II. AMENDED COMPLAINT ALLEGATIONS

While Defendants Henry and Palmer were taking Plaintiff back to his cell, these Defendants "called open 24-C-101 wh[ich] housed Reco Douglas, who th[e]n [r]ushed the

2

door throwing unknown 'HOT' substance on Plaintiff and both Defendant[]s[] Henry and Palmer before . . . striking Plaintiff . . . over and over repeatedly in the head area with a shower drain wrap[p]ed inside a laundry bag drawing blood as Plaintiff suffered cuts and gashes while [h]andcuffed and shackled, defenseless" [*Id.* at 3]. Defendants Henry and Palmer "did very little" to stop inmate Douglas for more than five minutes, at which point officers responding to a body alarm arrived to subdue inmate Douglas, "who Defendants [Henry and Palmer] could never gain control over" [*Id.*].

Plaintiff went to the medical unit and received stitches on his ear and paper stitches for his "gashes," and medical providers placed him "on concussion protocol for [seventy-two] hours" [*Id.*]. While Plaintiff was in the medical unit, he completed a grievance and gave it to a nurse, "who allegedly took it to the I.A. Office to give it to I.A. Brandon Foster, but the grievance was never processe[d] to level 1 response process" [*Id.*].

Plaintiff claims that Defendants Henry and Palmer's failure to protect him from inmate Douglas's assault violated his Eighth Amendment rights, and that his proximity to inmate Douglas was an "unsafe condition" that violated a TDOC policy requiring separation of inmates in punitive segregation and maximum security [*Id.*]. Plaintiff further asserts that his inability to utilize the grievance process violated his constitutional rights [*Id.*]. Plaintiff also states that Defendants Henry and Palmer's failure to protect him occurred "under the leadership of" Defendants Parrish, Jones, Oaks, and Helton, whom he claims participated in a "civil conspiracy to cover [the] facts related to this case by interfering with the first step of Plaintiff['s] [] due process" to prevent PLRA review of

3

Plaintiff's complaint [*Id.*]. Plaintiff additionally avers that he feels "unsafe and afraid of retaliation" based on Defendants' alleged acts of preventing him from accessing the legal process and/or grievances [*Id.* at 4].

Plaintiff has sued the TDOC, the Morgan County Correctional Complex ("MCCX"), Warden Michael Parrish, TDOC Commissioner Lisa Helton, Assistant Warden of Security Steve Jones, Assistant Warden of Treatment Stacy Oaks, Correctional Officer Brandon Palmer, and Correctional Officer Jordan Henry [*Id.* at 1–2]. As relief, Plaintiff seeks a transfer, declaratory relief, compensatory and punitive damages, his costs, and "[a]ny additional relief this [C]ourt deem[s] just, proper, and equitable" [*Id.* at 4]. He also requests a jury trial [*Id.*].

### III. ANALYSIS

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

#### A. TDOC and MCCX

First, Plaintiff's claim(s) against the TDOC are actually against the State of Tennessee. *Hix v. Tenn. Dep't of Corr.*, 196 F. App'x 350, 355 (6th Cir. 2006) (holding that the TDOC is equivalent of the "State"). However, "a State is not a person within the meaning of § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989); *Hix*, 196 F. App'x at 355 (holding that the TDOC is not a "person" within meaning of 1983). Thus, the TDOC is not an entity subject to liability under § 1983.

Similarly, the MCCX is not a "'person'" subject to suit under § 1983. *Bostic v. Tenn. Dep't of Corr.*, No. 3:18-cv-562, 2018 WL 3539466, at *7 (M.D. Tenn. July 23, 2018) (holding that a correctional complex is not a "person" or legal entity that can be sued under § 1983, and noting that a suit against the facility is actually a suit against TDOC itself).

Accordingly, Plaintiff's amended complaint fails to state a claim upon which relief may be granted under § 1983 against both the TDOC and the MCCX.

### B. Failure to Protect

The amended complaint does not allow the Court to plausibly infer that any Defendant failed to protect Plaintiff from inmate Douglas's attack in violation of the Eighth Amendment.

Plaintiff seeks to hold Defendants Warden Parrish, TDOC Commissioner Helton, Assistant Warden Jones, and Assistant Warden Oaks liable for failing to protect him from the attack by inmate Douglas based on their "leadership" at the time of the incident [Doc. 11 p. 3]. However, these Defendants cannot be liable under § 1983 based only on their supervisory positions, without personal involvement in the alleged constitutional violation. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (quoting *Miller v. Calhoun County*, 408 F.3d 803, 817 n.3 (6th Cir. 2005)). Rather, a supervisory official must have "at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Helphenstine v. Lewis Cnty.*, 60 F.4th 305, 321 (6th Cir. 2023) (quoting *Crawford v. Tilley*, 15 F.4th 752, 761–62 (6th Cir. 2021)).

5

Nothing in the amended complaint allows the Court to plausibly infer that Defendants Warden Parrish, TDOC Commissioner Helton, Assistant Warden Jones, or Assistant Warden Oaks was personally involved in the circumstances surrounding inmate Douglas's attack on Plaintiff.

And as to Defendants Palmer and Henry, it is well-settled that prison officials have a duty to protect inmates from violence by other inmates and must take reasonable measures to protect their safety. *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994). Liability attaches to a prison official's failure to protect a prisoner where the prisoner was "incarcerated under conditions posing a substantial risk of serious harm," and the prison official acted with deliberate indifference to the prisoner's safety. *Id*. at 834. "Deliberate indifference" means that a prison official is liable only where he knows that the inmate faces a substantial risk of serious harm and disregards the risk. *Id*. at 837 (quotation marks omitted).

Liberally construing the amended complaint in Plaintiff's favor, he alleges that a TDOC policy required prison officials to keep him separate from inmate Douglas due to his placement in maximum security and/or punitive segregation. But even if this is true, § 1983 allows prisoners to recover only for a violation of federal constitutional or statutory rights, not for a violation of TDOC policy. *Helphenstine*, 60 F.4th at 322 ("Alone, the failure to follow an internal policy does not give rise to a deliberate indifference claim" (citation omitted)); *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995) (citation omitted). And Plaintiff has not set forth any facts from which the Court can plausibly infer that

6

Defendant Henry or Defendant Palmer knew Plaintiff faced a substantial risk of serious harm from inmate Douglas or the opening of cell 24-C-101 and disregarded that risk, such that their act of opening inmate Douglas's cell in proximity of Plaintiff could have violated Plaintiff's Eighth Amendment rights and subjected either of these Defendants to liability under § 1983.[2]

Plaintiff also has not plausibly alleged that Defendant Henry or Defendant Palmer violated his Eighth Amendment rights by failing to stop inmate Douglas from continuing to attack Plaintiff after inmate Douglas initially threw something hot on Plaintiff and these Defendants.  While Plaintiff generally claims that Defendants Henry and Palmer "did very little" to stop inmate Douglas's attack on him in the five minutes that passed before more officers arrived at the scene in response to the body alarm Defendants Henry and Palmer presumably activated due to the attack, he provides no facts from which the Court can infer that these Defendants disregarded the risk of harm that inmate Douglas posed to Plaintiff or failed to take reasonable steps to protect him from inmate Douglas.  To the contrary, Plaintiff asserts that Defendants Palmer and Henry "could never gain control" over inmate Douglas during the five-minute attack, which suggests that these Defendants attempted to subdue inmate Douglas and prevent him from continuing to harm Plaintiff but were unable to do so.

---

[2] Notably, a disciplinary report regarding this incident that Plaintiff filed with his first complaint [Doc. 7-1], and to which Plaintiff refers in his amended complaint [Doc. 11 p. 3], states that Defendants Henry and Palmer were not familiar with the pod and only opened cell C-101 because Plaintiff stated that was the cell in which he lived [Doc. 7-1 p. 2].

Thus, Plaintiff has failed to "nudge[] [his Eighth Amendment claims] across the line from conceivable to plausible" as to any Defendant. *Twombly*, 550 U.S. at 570. As such, these claims fail to state a claim upon which relief may be granted under § 1983.

### C. Grievance Procedure

Plaintiff does not have a constitutional right to an effective grievance procedure. *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) (providing that a prisoner has "no inherent constitutional right to an effective prison grievance procedure"). As such, Plaintiff's allegations regarding his inability to access the grievance procedure to him fail to state a claim upon which relief may be granted under § 1983.

### D. Remaining Allegations

Plaintiff's remaining allegations are conclusory statements regarding conspiracy, fear for his safety, denial of access to the legal process, and potential retaliation. However, Plaintiff does not support any of these statements with facts that allow the Court to plausibly infer any violation of his constitutional rights. As such, these allegations likewise fail to state a claim upon which relief may be granted under § 1983.

## IV. CONCLUSION

For the reasons set forth above:

1. Even liberally construing the amended complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983;

2. Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

8

Case 3:23-cv-00015-TAV-DCP   Document 12   Filed 04/04/23   Page 8 of 9   PageID #: 105

3. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**ENTER:**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE